IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-169 |
| ANDREW AUGUSTYNIAK-DUNCAN | |

**GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS**

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said district, and submits the following Position with Respect to Sentencing Factors:

1. The government objects to the Offense Level Computation in the Presentence Investigation Report. Specifically, although the Base Offense Level listed in Paragraph 20 is the correct starting point of the Guidelines, the Cross Reference listed in § 2A2.4(c)(1) should be applied because the defendant's conduct constituted aggravated assault. Therefore, § 2A2.2 is the applicable section of the Guidelines.

2. As defined in the Applications Notes of § 2A2.2, "'Aggravated assault' means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." Even if the government cannot show that the defendant's actions resulted in serious bodily injury, the government maintains that under section (A), throwing a pipe and bricks/concrete in the direction of police officers meets the definition of aggravated assault because (1) a pipe and bricks/concrete are dangerous weapons, and (2) the defendant threw those items with the intent to cause bodily

injury. According to the Application Notes in § 1B1.1, "'Dangerous weapon' means (i) an instrument capable of inflicting death or serious bodily injury, and the pipe and bricks/concrete are all capable of doing that when thrown at an individual." Further, in Application Note 1 of 2A2.2, it is specified that a dangerous weapon "includes any instrument that is not ordinarily used as a weapon (e.g., a car, a chair, or an ice pick) if such an instrument is involved in the offense with the intent to commit bodily injury." The government the pipe and bricks/concrete thrown by the defendant meet that definition.

        3.      As the defendant threw multiple "dangerous weapons" in the direction of uniformed police officers who were subsequently struck by similarly heavy objects in the same timeframe, the government has, at a minimum, shown by a preponderance of the evidence that the defendant was attempting to cause serious bodily injury. Additionally, despite the fact that there is no direct evidence (*i.e.*, video or witness testimony) showing that the defendant threw the objects that struck the officers and caused them to suffer concussions, the circumstantial evidence proves by a preponderance of the evidence that the defendant struck the officers and caused bodily injury.

        4.      If § 2A2.2 applies, the Base Offense Level is 14. The offense level should be increased by 4 levels under § 2A2.2(b)(2)(B) because a dangerous weapon was used. Finally, the government maintains that the victims sustained bodily injury (concussions), as a result of the defendant's actions, so the offense level should be increased by 3 levels under 2A2.2(b)(3)(A).

Therefore, the government calculates the Adjusted Offense Level as 21. Applying a three-level reduction for acceptance of responsibility, the Total Offense Level is 18.

        Respectfully submitted,

        STEPHEN R. KAUFMAN
        Acting United States Attorney

        /s/ *Jonathan D. Lusty*
        JONATHAN D. LUSTY
        Assistant United States Attorney
        Joseph F. Weis, Jr. U.S. Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, Pennsylvania 15219
        PA ID No. 311180