IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-169 |
| ANDREW AUGUSTYNIAK-DUNCAN | |

### GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

### I.   INTRODUCTION

On June 2, 2021, the defendant entered a plea of guilty to the one-count Indictment in this case, admitting to obstruction of law enforcement during a civil disorder. The Court has scheduled sentencing in this matter for October 13, 2021. In advance of the sentencing hearing, the United States submits this Memorandum, recommending a sentence within the United States Sentencing Commission Guidelines ("Guidelines") range of 57 to 60 months of imprisonment, followed by 3 years of supervised release.[1]   For the reasons set forth below, the United States submits that a term of imprisonment within the Guidelines range is an appropriate and reasonable sentence in this case.

### II.   THE SENTENCING GUIDELINES

---

[1] The Court has scheduled an evidentiary hearing for September 30, 2021. During the hearing, the government intends to offer Exhibits 1-6, which have been attached, in addition to the testimony of Pittsburgh Police Detective Brittany Miles and Pittsburgh Police Officer Kelliane Sisak to support the guideline calculation.

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

As set forth above and in the government's position with respect to sentencing factors (Doc. No. 50), the government argues that based on the defendant's actions, the proper guidelines are 57 to 60 months of imprisonment, followed by 3 years of supervised release. During the evidentiary hearing, Officer Sisak will testify that she suffered a concussion when a heavy object struck her in the head while she was standing on Sixth Avenue between the intersections of Wood Street and Smithfield Street. The government also intends to present Exhibit 1, a video that shows Officer Sisak and a group of other officers standing between the intersections of Wood Street and Smithfield Street. The government will also present Exhibit 2, which shows the defendant throwing a piece of concrete towards the officers during the same timeframe captured in Exhibit 1. The government will also present Exhibit 3, which is a photo of a still frame of Exhibit 2 showing the defendant holding the piece of concrete. The government will then offer Exhibits 4 and 5, which are two angles showing the defendant throwing a pipe towards a group of officers

2

and Exhibit 6, which is a photo of a still frame of Exhibit 5 that depicts the defendant throwing the pipe. Detective Miles will testify that the defendant was identified as the individual throwing the pipe and concrete in the exhibits, and that Pittsburgh Police detectives obtained the videos captured by cameras in the area surrounding the incidents and that those videos were digitally clipped to create the exhibits.

### III.  SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

**(1)  18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

**a.  The Nature and Circumstances of the Offense**

The defendant's conduct in this case is quite serious. During rioting in downtown Pittsburgh on May 30, 2020, the defendant threw multiple pieces of concrete and a pipe towards uniformed Pittsburgh Police officers. Two officers who were standing in the vicinity of the area where the defendant threw the pieces of concrete were struck in the head and suffered concussions. While the officers were attempting to gain control of a highly dangerous situation, the defendant took advantage of the chaos and what he believed to be his anonymity among the crowd to attempt to injure the officers by throwing heavy objects at them. In fact, the defendant likely injured two of the officers through his actions; at a minimum, he was attempting to injure those officers and showed an utter disregard for them and their safety. The defendant's actions served to escalate an already volatile situation.

**b.  History and Characteristics of the Defendant**

The defendant has several adult convictions, including convictions for: simple assault (PSIR ¶ 31); robbery (PSIR ¶ 34); fleeing or attempting to elude an officer (PSIR ¶ 38); and

resisting arrest (PSIR ¶ 39). Based on those convictions, the defendant has demonstrated a pattern of violent behavior and disregard for law enforcement. The defendant has been incarcerated as a result of several of his convictions, and he has demonstrated that previous incarceration has not deterred his behavior. In summary, the defendant's conduct and criminal history support a Guidelines range sentence in this case.

> **(2)   18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense**

Imposition of a sentence within the Guidelines range is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The defendant's actions of assaulting law enforcement officers who were attempting to gain control of a large mob are particularly egregious, and a Guidelines range sentence is necessary to demonstrate the seriousness of the offense.

> **(3)   18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition of a Guidelines range sentence will address both general and specific deterrence. A sentence within the Guidelines range should deter others from engaging in conduct similar to the defendant's conduct. As to specific deterrence, the defendant appears to be undeterred by his prior encounters with law enforcement, including a number of prior convictions. The government respectfully submits that a sentence within the Guidelines range, followed by a 3-year term of supervised release, will ensure that the defendant spends a significant length of time under the supervision of the federal judicial system and should deter the defendant from engaging in future criminal conduct.

Regarding general deterrence, the government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

### (4) 18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines

The Presentence Report and this Court's Tentative Findings accurately state the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that a term of incarceration within the Guidelines range, followed by 3 years of supervised release, is the appropriate disposition in this case.

### (5) 18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

### (6) 18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities

Imposing a sentence within the Guidelines range would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

(7)  18 U.S.C. § 3553(a)(7) – **The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court impose a term of imprisonment within the Guidelines range of 57 to 60 months, followed by 3 years of supervised release.

Respectfully submitted,

STEPHEN R. KAUFMAN
Acting United States Attorney


*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7367
Jonathan.Lusty@usdoj.gov
PA ID No. 311180